Anthony T. King, Bar No. 027459
Megan M. Carrasco, Bar No. 037109
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone:    602.382.6000
Facsimile:    602.382.6070
Email: aking@swlaw.com
        mcarrasco@swlaw.com

*Attorneys for Defendant Agility Insurance
Services, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Ryan Bahr, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 2:26-cv-01756-JAT |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT** |
| v. | **(Oral Argument Requested)** |
| Agility Insurance Services, LLC, a foreign limited liability company, | |
| Defendant. | |

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant Agility Insurance Services, LLC ("Agility" or "Defendant") respectfully moves to dismiss Plaintiff's Class Action Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.[1]

Plaintiff alleges he received "at least five calls from the Defendant" that he contends violate the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c), and the

---

[1] Agility certifies under LR Civ 12.1(c) that, before filing this Motion to Dismiss Class Action Complaint, counsel for Agility conferred with counsel for Plaintiff via Zoom on April 15, 2026 of the issues asserted in this Motion, and the parties did not reach an agreement that the pleading was curable in any part by a permissible amendment offered by Plaintiff.

4896-4514-3195

Do-Not-Call regulations issued under the TCPA. Plaintiff then brings a putative class action against Defendant for purported violations of the TCPA.

Plaintiff's claims against Agility fail for at least two main reasons: (1) the calls at issue were not "telephone solicitations" actionable under the TCPA, and (2) Plaintiff fails to allege facts to show that Agility could be directly liable for the calls at issue.

First, Plaintiff has not plausibly alleged that any of the calls he claims he received qualify as a "telephone solicitation" within the meaning of the TCPA and its implementing regulations. The relevant provision of the TCPA, Section 227(c), makes clear that unless the challenged communication is a "telephone solicitation," it is not actionable.

Here, Plaintiff's Complaint offers virtually no details about the content of the alleged calls. But what the amended complaint does allege about those calls shows only that Plaintiff engaged in a single conversation on one call, during which the caller allegedly asked Plaintiff to "answer a few biographical questions" and whether Plaintiff had Medicare. Doc. 1 ¶¶ 40-42. The caller then provided a "call back number", and when Plaintiff called that number, "it connected [Plaintiff] to Defendant's business." *Id.* ¶ 45. But at no point during the initiating call was there any "encourag[ement of] the purchase or rental of, or investment in, property, goods, or services being offered", as would be required for a telephone solicitation under the TCPA. *See Coffey v. Fast Easy Offer, LLC*, 2025 WL 1591302, at *4 (D. Ariz. June 5, 2025) (the "soliciting message must directly advertise, not relate to some potential advertising that the alleged solicitor may want to conduct in the future."). Asking Plaintiff to "answer a few biographical questions" and whether he had Medicare cannot reasonably be interpreted as encouraging the purchase, rental, or investment in any property, goods, or services. In plain terms, these questions confirm that no telephone solicitation was made. Because Plaintiff failed to allege any facts suggesting that the calls allegedly made to him encouraged the purchase or rental of any property, goods, or services, Plaintiff has failed to plausibly allege that the calls at issue constitute a "telephone solicitation" under the TCPA. Accordingly, the Court should grant this Motion and dismiss the first cause of action in the Complaint.

- 2 -

4896-4514-3195

Second, Plaintiff's claims also fail because Plaintiff failed to allege facts to suggest that Agility could be liable for any of the alleged calls. To be directly liable under the TCPA, Agility must initiate the call, which occurs if Agility "takes the steps necessary to physically place a telephone call, and generally does not include persons or entities … that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Rachel Soale v. eXp Realty LLC*, 2026 WL 653629, at *4 (D. Ariz. Mar. 9, 2026). Here, there are no allegations that Agility placed any of the calls at issue or caused any of the calls to be placed on Agility's behalf. Instead, Plaintiff only alleges that the caller "stated he worked for Agility" and conclusorily alleges that each of the five (5) calls he described were "from Defendant." *See* Doc. 1 ¶¶ 28, 40-44. But that is not sufficient because Plaintiff "makes no factual allegations that Defendant controlled the content or manner of the communications she received." *See Soale*, 2026 WL 653629, at *4 ("[T]hough Plaintiff alleges that Jackson called and texted her on Defendant's behalf, she does not allege that Defendant was so involved in the call as to be plausibly be subject to directly liability."). Because Plaintiff failed to allege sufficient facts to subject Agility to direct liability—and no facts to suggest that Agility could be vicariously liable for any of the alleged calls—Plaintiff has failed to state a claim upon which relief can be granted under the TCPA. Accordingly, this Court should grant this Motion and dismiss the first and second causes of action in the Complaint.

In sum, Plaintiff has failed to allege facts to establish that the calls at issue were actionable telephone solicitations under the TCPA or that Agility could be held directly liable for the calls under the TCPA. For these reasons, Agility respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint with prejudice.

This Motion is supported by the following memorandum of points and authorities and the Court's record.

///

///

///

- 3 -

4896-4514-3195

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    RELEVANT BACKGROUND

According to Plaintiff's Complaint, "Defendant is a company that supports and partners with independent insurance agents to access various types of insurance plans to help them grow their business." Doc. 1 ¶ 22.

Plaintiff resides in Maricopa County and alleges that his telephone number (480-XXX-XXXX) has been registered with the National Do Not Call Registry since November 15, 2024. Doc. 1 ¶¶ 7, 24.

Plaintiff alleges that between March and October 2025, he received "at least five calls from the Defendant." Doc. 1 ¶ 28. Plaintiff alleges that he received "an avatar call from Defendant" from telephone numbers that began with (480) 588-XXXX. *Id.* ¶¶ 29-30. For the first four calls, Plaintiff did not speak with anyone. *Id.* ¶¶ 30-38. For the "final call" on October 30, 2025, Plaintiff alleges that the "avatar asked if Plaintiff had Medicare and then the voice prompted him to answer a few biographical questions." Doc. 1 ¶¶ 39-42. Plaintiff alleges that he was then transferred to a "live agent" named Justin Surkes, who "stated he worked for Defendant Agility Insurance of Texas and provided a call back number[.]" *Id.* ¶ 44. Plaintiff alleges that when he called the number, "it connected him to Defendant's business."

Based on these allegations, Plaintiff asserts two claims against Agility: (1) for "making telemarketing calls to members of the National Do Not Call Registry" and (2) for sending "pre-recorded calls to the cellular telephones of Plaintiff … using a pre-recorded message without their prior express written consent." Doc. 1 ¶¶ 73, 78. Plaintiff also proposes two separate "Classes" pursuant to Rules 23(b)(2) and/or 23(b)(3). *Id.* ¶¶ 57-58.

## II.    LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Courts require more than just "threadbare recitals of the elements of a

4896-4514-3195

cause of action, supported by mere conclusory statements." *Id.* at 663. Instead, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "[T]he court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ctr. for Biological Diversity v. United States Forest Serv.*, 532 F. Supp. 3d 846, 851 (D. Ariz. 2021), *aff'd*, 80 F.4th 943 (9th Cir. 2023) (quotation marks and alterations omitted). Moreover, "a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory." *Henry v. City of Somerton*, 2019 WL 11753646, at *3 (D. Ariz. Sept. 18, 2019) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

## III.   **ARGUMENT**

### A.   **The First Cause of Action in the Complaint Should Be Dismissed Because Plaintiff Fails To Plausibly Allege That The Calls Were Actionable Telephone Solicitations Under The TCPA.**

To state a claim under Section 227(c), Plaintiff must allege that he received more than one unwanted "telephone solicitation" within the meaning of the TCPA and the regulations implementing Section 227(c), which are limited to "protect[ing] residential telephone subscribers" from "receiving *telephone solicitations* to which they object." 47 U.S.C. §§ 227(c)(1), (5) (emphasis added); 47 C.F.R. § 64.1200(c)(2). The statute and regulations define "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).[2]

Plaintiff has failed to plausibly allege facts showing that any of the calls at issue satisfy these definitions. For the first four calls, there are no factual allegations concerning what was communicated to Plaintiff. Plaintiff either rejected the call, or the call ended

---

[2] The TCPA's implementing regulations similarly define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services being offered." *Jance v. Homerun Offer, LLC*, 2021 WL 3270318, at *4 (D. Ariz. July 30, 2021) (quoting 47 C.F.R. § 64.1200(f)(13)).

- 5 -

SNELL & WILMER

before there was any discussion. Doc. 1 ¶¶ 28-38. For the fifth call, Plaintiffs alleges that on that single call, an avatar "asked if Plaintiff had Medicare and then the voice prompted him to answer a few biographical questions." *Id.* ¶ 42. Plaintiff was then "transferred to a live agent" named Justin Surkes who asked Plaintiff to call him back, which then "connected him to Defendant's business." *Id.* ¶¶ 43-45.

But Plaintiff does not allege that the caller ever asked him to purchase, rent, or invest in anything, much less any property, goods, or services. There are simply no factual allegations to suggest that any of the alleged calls directly advertised anything to Plaintiff. *See generally* Doc. 1. These factual omissions are dispositive because the TCPA's regulations are only "aimed at calls that ***directly advertise*** and not calls that are related in some attenuated way to advertising or telemarketing the caller intends to conduct in the future." *Jance*, 2021 3270318, at *4 (emphasis added). Because Plaintiff's Complaint lacks any factual allegations to suggest the alleged calls directly advertised anything to Plaintiff, his claims for violation of the TCPA fail.

Nor does Plaintiff calling Justin Surkes back at the number he provided somehow transform the initial call into a telephone solicitation under the TCPA. As *Jance* explained, the TCPA is only "aimed at calls that directly advertise and not calls that are related in some attenuated way to advertising or telemarketing the caller intends to conduct in the future." 2021 3270318, at *4. Accordingly, the call itself must be a telephone solicitation to be actionable, and a request to call back does not transform the initial call into a telephone solicitation. Indeed, even if Plaintiff had alleged that Agility "intended to ultimately generate business" from Plaintiff, the initial call that Plaintiff received [only] relate[s] to future potential advertising." *See Coffey*, 2025 WL 1591302, at *4 (internal quotations omitted). Even in *Coffey*, where the plaintiff alleged that the offending text messages directed the Plaintiff to the defendant's website, which advertised its services, "is not itself dispositive" because the "mere inclusion of a link to a website on which a consumer can purchase a product does not transform the whole communication into a solicitation." *Id.* (internal quotations and citation omitted). Similarly here, just because

- 6 -

4896-4514-3195

Plaintiff was encouraged to call back Justin Surkes, and the call "connected him to Defendant's business," does not mean that the initial call was a telephone solicitation under the TCPA. The Complaint lacks any facts to suggest anything was directly advertised to Plaintiff at all, either during the initial call or during Plaintiff's call back. Accordingly, none of the calls could be telephone solicitations under the TCPA because there are no factual allegations to suggest that any of the calls directly advertised Agility's services or otherwise encouraged Plaintiff to buy or rent anything from Agility. *See Coffey*, 2025 WL 1591302, at \*4 (granting motion to dismiss because the text messages at issue "never encouraged Plaintiff to engage in any future purchasing activity at all") (internal quotations and citation omitted).

Simply put, the Complaint lacks any well-pled factual allegations to suggest that any of the five calls complained of by Plaintiff encouraged him to buy or rent anything from Agility. They did not. Because Plaintiff failed to allege sufficient facts to suggest any of the calls constitute a telephone solicitation under the TCPA, his claim for violation of the National Do Not Call Registry provision of the TCPA fails and should be dismissed.

**B.  Plaintiff Failed to Plausibly Allege That Agility is Direct Liable For Any of the Calls Under the TCPA.**

A plaintiff may bring a TCPA claim under a direct or vicarious liability theory. *See, e.g.*, *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014); *Barnes v. SunPower Corp.*, 2023 WL 2592371, at \*2 (N.D. Cal. Mar. 16, 2023) ("To make a call under the TCPA, and thus become liable, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call.") (quotation marks omitted). Plaintiff does not allege, or even suggest, that Agility is vicariously liable for any of the alleged calls. *See generally* Doc. 1. Accordingly, Plaintiff must sufficiently allege that Agility is directly liable for the alleged calls.

Agility "is not 'directly liable for a violation of the TCPA unless it initiates a call.'" *Soale*, 2026 WL 653629, at \*4. Agility initiates a call "when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities … that

- 7 -

4896-4514-3195

might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id.* Only if the defendant has "substantial involvement in the placing of a specific telephone call—such as giving the [caller] specific and comprehensive instructions as to timing and manner of the call may be directly liable." *Id.* (internal quotations and citation omitted).

Here, Plaintiff only alleges one "fact" to suggest that Agility initiated the call: that Justin Surkes "stated he worked for Defendant Agility Insurance of Texas". Doc. 1 ¶ 44. Even assuming such fact is true for purposes of this Motion (though it is not true), this single allegation is not sufficient to establish that any of the calls were initiated by Agility.

Recently, in *Rachel Soale v. eXp Realty LLC*, this Court addressed the issue of direct liability under the TCPA. In *Soale*, the plaintiff alleged that the caller, a "real estate agent and an independent contractor with Defendant", called the plaintiff and stated "Hey this is Josh Jackson at eXp Realty." 2026 WL 653629, at *1. The Defendant's national website listed Josh Jackson as "one of its licensed real estate agents", and his "Arizona licensure lists Defendant as his employer." *Id.* Yet, "though Plaintiff alleges that Jackson called and texted her on Defendant's behalf, she does not allege that Defendant was so involved in the call as to be plausibly subject to direct liability." *Id.* at *4. The plaintiff in *Soale* also "ma[d]e[] no factual allegations that Defendant controlled the content or manner of the communications she received." *Id.* Consequently, the plaintiff in *Soale* "fail[ed] to state a claim on either Count I or Count II on a theory of direct liability", and the Court granted the defendant's motion to dismiss. *Id.*

Similarly here, Plaintiff failed to allege that Agility had any "substantial involvement" in the placing of any of the five calls alleged by Plaintiffs. Plaintiff also failed to allege any facts to suggest Agility gave Justin Surkes any "specific or comprehensive instructions as to timing and manner of the call" to be directly liable under the TCPA. *See Soale*, 2026 WL 653629, at *4; *compare* Doc. 1. Agility did not. Also, unlike in *Soale*, the Plaintiff here does not even allege that Justin Surkes is one of Agility's agents or that Agility is Justin Surkes's employer. *See* Doc. 1. Neither is true. Rather, Plaintiff alleges

SNELL
& WILMER

4896-4514-3195

that Agility "supports and partners with ***independent*** insurance agents", *see* Doc. 1 ¶ 22 (emphasis added), not any agents that work directly for and on behalf of Agility to place calls to consumers. Plaintiff does not even allege that Justin Surkes is listed on Agility's website or identifies Agility as his employer, *see id.*, like the agent in *Soale*. Nor can Plaintiff do so.

Put simply, Plaintiff's single conclusory allegation that Justin Surkes "stated he worked for Defendant Agility" is not sufficient to plausibly infer that the calls were initiated by Agility. *See*, *e.g.*, *Soale*, 2026 WL 653629, at *4 ("Here, though Plaintiff alleges that Jackson called and texted her on Defendant's behalf, she does not allege that Defendant was so involved in the call as to be plausibly subject to direct liability."); *Barnes*, 2023 WL 2592371, at *3 ("Plaintiff Barnes also claims he spoke to a woman named Lia Smith, who identifies herself as working for [Defendant]." However, no facts he has alleged support a plausible inference that Defendant itself made the two alleged calls"). Rather, Plaintiff must allege more facts than what he has pled in the Complaint, and he cannot rely on the conclusory assertion that the calls were made by Agility. Indeed, the plaintiff in *Soale* alleged even more detailed facts concerning the caller than what Plaintiff has alleged here, and even that was not sufficient to plausibly allege direct liability under the TCPA. Accordingly, Plaintiff failed to plead facts to sufficiently allege that Agility can be directly liable for any of the calls identified in the Complaint. Thus, the Court should grant this Motion and dismiss Plaintiff's Complaint.

## IV.   CONCLUSION

Plaintiff's bare bones Complaint lacks sufficient factual allegations to plausibly allege a valid TCPA claim against Agility. Plaintiff failed to allege facts to suggest that any of the calls were telephone solicitations under the TCPA. Plaintiff also failed to allege facts to establish that Agility initiated the calls such that Agility could be directly liable for any of the calls at issue.

Thus, for the foregoing reasons, Agility respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint with prejudice.

4896-4514-3195

Dated: April 17, 2026

SNELL & WILMER L.L.P.


By: *s/ Anthony T. King*
    Anthony T. King
    Megan M. Carrasco
    One East Washington Street
    Suite 2700
    Phoenix, Arizona 85004-2556

    *Attorneys for Defendant Agility*
    *Insurance Services, LLC*

SNELL
& WILMER

- 10 -

4896-4514-3195