Anthony T. King, Bar No. 027459
Megan M. Carrasco, Bar No. 037109
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone:  602.382.6000
Facsimile:  602.382.6070
Email: aking@swlaw.com
        mcarrasco@swlaw.com

*Attorneys for Defendant Agility Insurance
Services, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Ryan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Agility Insurance Services, LLC, and Justin Surkes,<br><br>Defendants. | Case No. 2:26-cv-01756-JAT<br><br>**DEFENDANT AGILITY INSURANCE SERVICES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Agility Insurance Services, LLC ("Agility"), for its Answer to Plaintiff's First Amended Class Action Complaint ("FAC"), admits, denies, and alleges as follows:

1. The allegations of paragraph 1 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the Telephone Consumer Protection Act ("TCPA") speaks for itself.

2. The allegations of paragraph 2 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the TCPA speaks for itself.

3.      The allegations of paragraph 3 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the TCPA speaks for itself.

4.      Agility admits that Plaintiff purports to bring this action under the TCPA. Agility denies the remaining allegations of paragraph 4 of the FAC. Agility denies any liability under the TCPA.

5.      Agility admits that Plaintiff purports to sue on behalf of a proposed nationwide class of persons. Agility denies the remaining allegations of paragraph 5 of the FAC. Agility denies any liability under the TCPA, denies that Plaintiff's claims are proper for class treatment, and denies that class certification is appropriate in this matter.

6.      Agility denies the allegations of paragraph 6 of the FAC.

7.      Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 of the FAC.

8.      Agility admits that it is a limited liability company organized in Texas and headquartered in Richardson, Texas in Collin County.

9.      Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the FAC.

10.      Agility admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges claims arising under federal law.

11.      Agility does not dispute that venue is proper in this Court. Agility denies that the alleged calls or "events" give rise to any violation of the TCPA.

12.      The allegations of paragraph 12 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

13.      The allegations of paragraph 13 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

14.   The allegations of paragraph 14 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

15.   The allegations of paragraph 15 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

16.   The allegations of paragraph 16 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the "DNC Order" speaks for itself.

17.   The allegations of paragraph 17 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that 47 CFR 64.1200(c)(1-2) speaks for itself.

18.   The allegations of paragraph 18 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that 47 CFR 64.1200(c)(2) speaks for itself.

19.   The allegations of paragraph 19 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

20.   The allegations of paragraph 20 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

21.   The allegations of paragraph 21 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a response is required, Agility states that the TCPA speaks for itself.

22.   The allegations of paragraph 22 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the

extent that a response is required, Agility states that the FCC's rules and regulations implementing the TCPA speaks for itself.

23.   Agility admits that it is a company and that Agility supports independent insurance agents to access various types of insurance plans. Agility denies the remaining allegations of paragraph 23 of the FAC. Agility affirmatively alleges that it does not control, manage, or otherwise direct or instruct the conduct of any independent insurance agents.

24.   Agility admits that Justin Surkes is an independent insurance agent who contracts with Agility. Agility denies the remaining allegations of paragraph 24 of the FAC.

25.   Agility admits the allegations of paragraph 25 of the FAC.

26.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 of the FAC.

27.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 of the FAC.

28.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28 of the FAC.

29.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the FAC.

30.   Agility denies the allegations of paragraph 30 of the FAC.

31.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 of the FAC.

32.   Agility denies the allegations of paragraph 32 of the FAC.

33.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 of the FAC.

34.   Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34 of the FAC.

35.   Agility denies the allegations of paragraph 35 of the FAC.

SNELL & WILMER

36.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 of the FAC.

37.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 of the FAC.

38.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38 of the FAC.

39.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 of the FAC.

40.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40 of the FAC.

41.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 of the FAC.

42.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 of the FAC.

43.    Agility denies the allegations of paragraph 43 of the FAC.

44.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44 of the FAC.

45.    Agility denies the allegations of paragraph 45 of the FAC.

46.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 of the FAC.

47.    Agility denies the allegations of paragraph 47 of the FAC.

48.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 of the FAC.

49.    Agility denies the allegations of paragraph 49 of the FAC.

50.    Agility denies the allegations of paragraph 50 of the FAC.

51.    Agility denies the allegations of paragraph 51 of the FAC.

52.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 52 of the FAC.

53.     Agility denies the allegations of paragraph 53 of the FAC.

54.     Agility denies the allegations of paragraph 54 of the FAC.

55.     Agility denies the allegations of paragraph 55 of the FAC. Agility affirmatively alleges that it does not control, manage, or otherwise direct or instruct the conduct of any independent insurance agents.

56.     Agility admits that its website contains the quoted language: "Agility Insurance Services is a Field Marketing Organization (FMO) and General Agency (GA) for regional and national life, accident and health insurance companies." Agility admits that its website contains the quoted language: "allow our agents to offer a broad selection of individual, group and Medicare plans that match the needs of their clients." Agility denies the remaining allegations of paragraph 56 of the FAC.

57.     Agility admits that its website contains the quoted language: "initial onboarding, carrier contracting and product training. Unlike other agencies, our support services also include bilingual support specialists, technology platforms to improve enrollment efficiency, marketing plan development and implementation, access to customized and targeted marketing materials, enrollment support and commissions advocacy with carriers." Agility denies the remaining allegations of paragraph 57 of the FAC. Agility affirmatively alleges that it does not control, manage, or otherwise direct or instruct the conduct of any independent insurance agents.

58.     Agility denies the allegations of paragraph 58 of the FAC.

59.     Agility admits that it hosts a publicly available blog that can be accessed at https://blog.enrollinsurance.com. Agility denies the remaining allegations of paragraph 59 of the FAC.

60.     Agility denies the allegations of paragraph 60 of the FAC.

61.     Agility denies the allegations of paragraph 61 of the FAC.

62.     Agility denies the allegations of paragraph 62 of the FAC.

63.     The allegations of paragraph 63 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the

extent that a further response is required, Agility states that the FCC's rules and regulations concerning the TCPA speaks for itself.

64. The allegations of paragraph 64 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the FCC's rules and regulations concerning the TCPA speaks for itself.

65. The allegations of paragraph 65 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the FCC's rules and regulations concerning the TCPA speaks for itself.

66. The allegations of paragraph 66 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the FCC's rules and regulations concerning the TCPA speaks for itself.

67. Agility denies the allegations of paragraph 67 of the FAC.

68. Agility denies the allegations of paragraph 68 of the FAC.

69. Agility denies the allegations of paragraph 69 of the FAC.

70. Agility denies the allegations of paragraph 70 of the FAC.

71. Agility denies the allegations of paragraph 71 of the FAC.

72. Agility denies the allegations of paragraph 72 of the FAC.

73. Agility denies the allegations of paragraph 73 of the FAC.

74. Agility denies the allegations of paragraph 74 of the FAC.

75. Agility denies the allegations of paragraph 75 of the FAC.

76. Agility denies the allegations of paragraph 76 of the FAC.

77. Agility denies the allegations of paragraph 77 of the FAC.

78. Agility denies the allegations of paragraph 78 of the FAC.

79. Agility denies the allegations of paragraph 79 of the FAC.

80. Agility denies the allegations of paragraph 80 of the FAC.

SNELL & WILMER

81.    Agility denies the allegations of paragraph 81 of the FAC.

82.    Agility denies the allegations of paragraph 82 of the FAC.

83.    Agility denies the allegations of paragraph 83 of the FAC.

84.    Agility denies the allegations of paragraph 84 of the FAC.

85.    Agility denies the allegations of paragraph 85 of the FAC.

86.    Agility denies the allegations of paragraph 86 of the FAC.

87.    Agility denies the allegations of paragraph 87 of the FAC.

88.    The allegations of paragraph 88 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the FCC's rules and regulations concerning the TCPA speaks for itself.

89.    The allegations of paragraph 89 of the FAC do not contain factual assertions, but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, Agility states that the TCPA speaks for itself.

90.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 90 of the FAC.

91.    Agility denies the allegations of paragraph 91 of the FAC.

92.    Agility denies the allegations of paragraph 92 of the FAC.

93.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 93 of the FAC.

94.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 94 of the FAC.

95.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 95 of the FAC.

96.    Agility denies the allegations of paragraph 96 of the FAC.

97.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 97 of the FAC.

SNELL & WILMER

- 8 -

98.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 98 of the FAC.

99.    Agility denies the allegations of paragraph 99 of the FAC.

100.    Agility incorporates by reference its response to paragraphs 1-99 of the FAC as if fully set forth herein.

101.    Agility admits that Plaintiff purports to bring a class action on behalf of himself and certain "Classes" pursuant to Rule 23, Federal Rules of Civil Procedure. Agility denies that the proposed Classes are an appropriate class definition and denies that class certification is appropriate in this matter.

102.    Agility denies that the proposed Classes are an appropriate class definition and denies that class certification is appropriate in this matter.

103.    Agility denies the allegations of paragraph 103 of the FAC.

104.    Agility denies the allegations of paragraph 104 of the FAC.

105.    Agility denies the allegations of paragraph 105 of the FAC.

106.    Agility denies the allegations of paragraph 106 of the FAC.

107.    Agility denies the allegations of paragraph 107 of the FAC.

108.    Agility denies the allegations of paragraph 108 of the FAC.

109.    Agility denies the allegations of paragraph 109 of the FAC.

110.    Agility denies the allegations of paragraph 110 (and subparts) of the FAC.

111.    Agility denies the allegations of paragraph 111 of the FAC.

112.    Agility denies the allegations of paragraph 112 of the FAC.

113.    Agility denies the allegations of paragraph 113 of the FAC.

114.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 114 of the FAC.

115.    Agility lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 115 of the FAC.

116.    Agility incorporates by reference its response to paragraphs 1-115 of the FAC as if fully set forth herein.

- 9 -

117.    Agility denies the allegations of paragraph 117 of the FAC.

118.    Agility denies the allegations of paragraph 118 of the FAC.

119.    Agility denies the allegations of paragraph 119 of the FAC.

120.    Agility denies the allegations of paragraph 120 of the FAC.

121.    Agility incorporates by reference its response to paragraphs 1-120 of the FAC as if fully set forth herein.

122.    Agility denies the allegations of paragraph 122 of the FAC.

123.    Agility denies the allegations of paragraph 123 of the FAC.

124.    Agility denies the allegations of paragraph 124 of the FAC.

125.    Agility denies the allegations of paragraph 125 of the FAC.

126.    Agility denies any and all allegations of the Complaint that have not been expressly admitted or otherwise responded to herein. To the extent that a response was required, Agility denies allegations made within unnumbered headings or captions of the Complaint.

### ADDITIONAL AFFIRMATIVE DEFENSES AND DENIALS

As additional defenses, Agility alleges, asserts, and avers the following defenses, pleaded in the alternative to the extent they may be found to be inconsistent. By virtue of alleging these further defenses, Agility does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it. Agility reserves all rights to assert other defenses as appropriate, or to withdraw defenses that it determines are not applicable, during the course of the litigation. Each defense herein is asserted against Plaintiff and any and all members of the alleged putative class.

1.    Agility alleges that the allegations contained in the Complaint fail to state a claim upon which relief can be granted.

2.    One or more members of the putative class lack standing to maintain the instant action.

3.    One or more members of the putative class gave prior express consent to receive the telephone calls at issue in this case.

4.     All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

5.     Plaintiff's claims are barred in whole or in part because Agility did not use a pre-recorded message to make phone calls or send text messages to putative class members.

6.     Plaintiff's claims are barred in whole or in part because Agility did not place any calls to Plaintiff or putative class members.

7.     Plaintiff's claims are barred in whole or in part because Agility is not directly liable for any of the calls received by Plaintiff or putative class members.

8.     Plaintiff's claims are barred in whole or in part because Agility does not control, manage, or otherwise direct or instruct the conduct of any independent insurance agents.

9.     Plaintiff's claims are barred in whole or in part because Agility is not vicariously liable for any of the calls received by Plaintiff or putative class members.

10.     Plaintiff's claims are barred in whole or in part because Agility is not vicariously liable for any of the alleged actions of Justin Surkes.

11.     Plaintiff's claims are barred in whole or in part because Justin Surkes is not an employee or agent of Agility.

12.     Plaintiff's claims are barred in whole or in part because Justin Surkes did not have actual or apparent authority to act on behalf of Agility.

13.     Plaintiff's claims are barred in whole or in part because Plaintiff and/or putative class members incurred no legally cognizable injury or damages (actual or otherwise).

14.     Plaintiff's claims are barred in whole or in part because Plaintiff and/or putative class members cannot prove any alleged injuries were proximately caused by Agility.

15.     Plaintiff's claims are barred in whole or in part to the extent any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed by third parties over whom Agility has no control, management, or authority.

- 11 -

16. Plaintiff's claims are barred in whole or in part because of estoppel and/or waiver.

17. Plaintiff's claims are barred in whole or in part because Agility complies with applicable law, including statutes and regulations.

18. Plaintiff's claims are barred in whole or in part to the extent Agility had an existing or established business relationship with Plaintiff and/or putative class members.

19. Plaintiff's claims are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom Defendant has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

20. Plaintiff's claims are barred in whole or in part to the extent Agility had prior express written consent to call Plaintiff and/or putative class members.

21. Plaintiff's claims are barred in whole or in part to the extent that the calls at issue to Plaintiff and/or putative class members were made in response to a consumer inquiry or request to be called.

22. Plaintiff's claims are barred in whole or in part to the extent the phone numbers called were not residential telephone lines, being used for residential or family purposes, and/or were not assigned to a residential telephone exchange service.

23. Plaintiff's claims are barred in whole or in part because Plaintiff and/or putative class members failed to mitigate their alleged damages.

24. Plaintiff's claims are not proper for class treatment under Rule 23, Federal Rules of Civil Procedures, for at least the following reasons, each of which is a further and separate defense:

a. Plaintiff has failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

b. Certain of the interests of the proposed class members are in conflict with interests of all or certain sub-groups of the members of the alleged class of persons which Plaintiff purport to represent, the existence of which is expressly denied.

c.      Agility alleges that Plaintiff is not representative of members of the alleged class.

d.      Agility alleges that Plaintiff's claims are not common or typical of the putative class Plaintiff seeks to represent.

e.      Agility alleges that the types of claims alleged by the named Plaintiff on behalf of the putative class are matters in which individual questions predominate, and accordingly, are not appropriate for class treatment.

f.      Agility alleges that the action cannot proceed as a class action because of the inadequacy of representation.

g.      Agility alleges the class of persons that the named Plaintiff purports to represent are not so numerous that joinder is impracticable.

h.      Agility alleges that there is not a community of interest among the alleged class members.

i.      Agility alleges there is not a risk of substantial prejudice from separate actions.

j.      Agility alleges this action cannot be maintained as a class action as such an action would be inconsistent with the due process standards under the U.S. Constitution.

k.      Agility alleges this action cannot proceed as a class action because the alleged class is an impermissible fail-safe class.

25.    Agility alleges that Plaintiff lacks standing to assert some or all of the causes of action against Agility.

26.    Plaintiff's claims are barred in whole or in part because Agility did not intend to call him without his prior consent.

27.    Agility's conduct, if found violative of the TCPA, was not willful or knowing, and statutory damages are not appropriate.

- 13 -

28.    The imposition of statutory damages against Agility would violate Agility's right from protection against "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

29.    At all times relevant, Agility acted in good faith.

30.    Agility is without sufficient knowledge or information to form a belief as to whether additional, but as yet unstated, affirmative defenses are available to it, and accordingly, Agility reserves the right to assert additional defenses in the event discovery indicates that such defenses apply and are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant Agility Insurance Services, LLC prays for judgment in its favor and against Plaintiff as follows:

A.    Dismissing the First Amended Complaint in its entirety and with prejudice;

B.    Determining that this action is not a proper class action pursuant to Rule 23, Federal Rules of Civil Procedure and denying certification of any class;

C.    Denying the relief sought in the First Amended Class Action Complaint;

D.    Ordering that Plaintiff takes nothing and that judgment be entered in favor of Defendant Agility Insurance Services, LLC and against Plaintiff;

E.    Awarding Agility its reasonable attorneys' fees and costs to the maximum extent permitted by law, and post-judgment interest thereon at the maximum rate allowed by law from the date of judgment until paid in full; and

F.    Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant Agility Insurance Services, LLC hereby requests a trial by jury.

Dated: June 12th, 2026                    SNELL & WILMER L.L.P.


By: *s/ Anthony T. King*
    Anthony T. King
    Megan M. Carrasco
    One East Washington Street
    Suite 2700
    Phoenix, Arizona 85004-2556

    *Attorneys for Defendant Agility
    Insurance Services, LLC*

- 15 -