Andrew Perrong
Counsel for Plaintiff
Email: a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Glenside, PA 19038
Telephone: (215) 225-5529

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN RYAN BAHR, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>AGILITY INSURANCE SERVICES, LLC,<br><br>and<br><br>JUSTIN SURKES<br><br>　　　　Defendants. | Case No. 2:26-cv-01756-JAT<br><br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

4898-8411-2830

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Rule 16 Scheduling Conference (Doc. 24), counsel for Plaintiff Jonathan Ryan Bahr, counsel for Defendant Agility Insurance Services, LLC ("Agility"), and counsel for Defendant Justin Surkes ("Surkes") conducted a telephonic Rule 26(f) conference on July 15, 2026, and jointly submit the following Proposed Case Management Plan. A proposed form of Scheduling Order is lodged herewith.

**1. The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiff's claims and Defendants' defenses.**

**Plaintiff's Statement.**

This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges that his residential telephone number, which he uses for personal, family, and household purposes and which has been registered continuously on the National Do Not Call Registry since November 15, 2024, received at least five telemarketing calls from or on behalf of Defendants between March 14, 2025 and October 30, 2025, all placed from telephone numbers in the (480) 588 exchange and all soliciting the purchase of Medicare Insurance. Plaintiff alleges that each call was initiated by an "avatar" robot that delivered an artificial or prerecorded voice, speaking with an unnatural tone and cadence and reciting the same questions. On the final call, of October 30, 2025, Plaintiff was transferred from the robot to a live agent who identified himself as Justin Surkes, stated that he worked for Agility, and provided a callback number that connected to Agility.

Plaintiff asserts two claims. First, that Defendants made more than one telephone solicitation within a twelve-month period to a residential number registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). Second, that Defendants placed calls using an artificial or prerecorded voice without prior express written consent, in violation of 47 U.S.C. § 227(b)(1).

4898-8411-2830

Plaintiff alleges that Surkes is directly liable because he or entities under his control placed the calls and accepted the transfer. Plaintiff alleges that Agility is liable directly and vicariously under federal common law agency principles, including actual authority, apparent authority, and ratification, because Agility furnished the branding, training, technology platforms, and marketing support used to place the calls, took a share of the commissions generated by them, and declined to disavow or discipline the conduct once it learned of it.

Plaintiff seeks to certify a Do Not Call Registry Class and a Robocall Class as defined in the First Amended Complaint, and seeks statutory damages of $500 per violation, trebled to $1,500 for knowing or willful violations, together with injunctive relief. The allegations of the First Amended Complaint are incorporated by reference.

**Defendant Agility Insurance Services, LLC's Statement.**

Agility has not violated the TCPA, and Plaintiff's claim will fail on the merits. Defendant Justin Surkes is an independent insurance agent, and Agility does not control, manage, or otherwise direct or instruct his conduct. Accordingly, Agility is not directly or vicariously liable for any of his alleged conduct. In addition, upon information and belief, discovery will reveal that, among other things, Plaintiff is not a residential subscriber within the meaning of the TCPA, did not receive two phone calls within the relevant 12-month period, and/or consented to or invited the communications he allegedly received. Plaintiff further lacks standing to bring a TCPA claim on behalf of a class because, among other reasons, he has not suffered any actual damages and he is a serial TCPA plaintiff. He presently has at least seven other active TCPA class action cases wherein he is the lead plaintiff against various companies. To avoid unnecessary and costly discovery, Agility will be filing a Motion with the Court requesting bifurcation of discovery to address the discrete issues with Plaintiff's individual case concerning standing and whether Plaintiff can be a suitable class representative, before moving on to class discovery.

**Defendant Justin Surkes's Statement.**

4898-8411-2830

Surkes denies that he violated the TCPA and disputes that he, made or caused more than one telephone solicitation to Plaintiff within any twelve-month period. Surkes further denies that Plaintiff is entitled to any relief against him and incorporates the admissions, denials, affirmative defenses, and other matters stated in his Answer. Surkes also disputes Plaintiff's ability to satisfy the requirements for class certification under Rule 23. Surkes further agrees with Agility's position in bifurcation.

**2. The jurisdictional basis of the case, citing specific statutes.**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under a federal statute, the TCPA, 47 U.S.C. § 227. The parties do not contest jurisdiction.

**3. The parties, if any, which have not been served, as well as any parties which have not filed an answer or other appearance.**

All named parties have been served and have appeared through counsel. There are no fictitious or unnamed parties. Accordingly, no proposed form of order dismissing unserved parties is submitted with this Plan.

**4. The names of parties not subject to the Court's jurisdiction.**

None.

**5. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge for trial, and, if so, whether the parties consent to trial before a Magistrate Judge.**

The parties do not believe this case is suitable for reference to arbitration or to a special master. The parties do not consent to trial before a United States Magistrate Judge. The parties may later request the assistance of a Magistrate Judge for a settlement conference, as described in Paragraph 12 below.

4

**6. The status of related cases pending before other judges of this Court or before other courts.**

Plaintiff's position is that there are no related cases within the meaning of Local Rule of Civil Procedure 42.1. Plaintiff is a plaintiff in other TCPA actions against unrelated defendants in this District.

**7. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when Initial Disclosures were made or will be made.**

The parties have stipulated, and jointly request that the Court approve, that initial disclosures under Rule 26(a)(1) be served on or before July 31, 2026, and is requested so that the parties have adequate time to assemble complete disclosures. Plaintiff suggests no other changes to the timing, form, or requirement for Rule 26(a) disclosures.

Defendants agree to the July 31, 2026, for exchange of initial disclosures. In line with Defendants' request for bifurcation of discovery, the scope of the initial disclosures need only address Plaintiff's individual case and not the class action.

**8. Proposed deadlines.**

The parties propose the following competing deadlines. Agility intends to file a motion to bifurcate discovery described in Paragraph 9 below. Defendant Surkes will join in that Motion.

**Plaintiff's Proposal**

a. **Filing a motion to amend the pleadings and joinder of additional parties:** August 28, 2026.

b. **Disclosure of expert testimony under Rule 26(a)(2):**

Initial expert disclosures by the party with the burden of proof: January 29, 2027.

4898-8411-2830

Responsive expert disclosures by the party not having the burden of proof: March 5, 2027.

Rebuttal expert disclosures by the party with the burden of proof: April 9, 2027.

c. **Discovery:**

Completion of fact discovery, including discovery by subpoena: April 30, 2027.

Completion of expert discovery: May 28, 2027.

d. **Filing dispositive motions:** June 30, 2027.

e. **Case-specific deadlines:**

Motion for class certification under Rule 23: June 30, 2027.

No party anticipates raising the defense of qualified immunity, and no Markman hearing will be necessary.

**Agility's Proposal**

a. **Initial Disclosures:** July 31, 2026

b. **Filing a motion to amend the pleadings and joinder of additional parties:** August 28, 2026.

c. **Phase 1 Discovery Period:** Begins August 28, 2026

   i. **Disclosure of expert testimony under Rule 26(a)(2):** None anticipated

   ii. **Discovery**

      A. **Completion of Phase 1 Fact Discovery:** December 18, 2026

      B. **Filing Dispositive Motions:** January 15, 2027

d. **Phase 2 Discovery Period:** Begins After Phase 1 Dispositive Motions are Resolved

   i. **Disclosure of expert testimony under Rule 26(a)(2):**

      A. Initial expert disclosures by the party with the burden of proof: June 18, 2027.

4898-8411-2830

      B.  Responsive expert disclosures by the party not having the burden of proof: August 20, 2027.

      C.  Rebuttal expert disclosures by the party with the burden of proof: September 24, 2027.

e.  **Phase 2 Discovery:**

    i.  Completion of fact discovery, including discovery by subpoena: October 1, 2027.

    ii.  Completion of expert discovery: October 22, 2027.

d.  **Filing dispositive motions:** November 19, 2027.

e.  **Case-specific deadlines:**

Motion for class certification under Rule 23: November 19, 2027.

No party anticipates raising the defense of qualified immunity, and no Markman hearing will be necessary.

**9. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure.**

**Service by Email.**

The Parties consent to service of discovery requests, responses, objections, subpoenas, and documents by electronic mail upon counsel of record.

**Bifurcation of Discovery.**

Agility's position: Agility intends to file a motion to bifurcate discovery. Discovery in a class action federal TCPA case is both time consuming and expensive. Courts, therefore, routinely bifurcate discovery in TCPA cases to first evaluate the merits of the Plaintiff's individual claims before proceeding to class discovery. Agility initially proposes a limited discovery period to investigate: (1) whether Plaintiff is an adequate class

4898-8411-2830

representative and (2) whether Agility can be held directly or vicariously liable for the alleged actions of Defendant Surkes when Agility maintains no control over the manner or means of his work. There are also several concerns about Plaintiff serving as the class representative in this case, among others:  (a) he has served as a lead Plaintiff in several TCPA class actions around the country, (b) Plaintiff may have consented to receiving the phone calls, (c) it is not clear whether Plaintiff is truly a residential telephone subscriber, (d) it is not clear whether Plaintiff is properly registered on the National Do Not Call Registry, and (e) it is not clear whether Plaintiff received more than one telephone solicitation in a 12-month period. Bifurcation serves the purposes of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding" before proceeding to class discovery. A motion supporting Agility's position will be filed shortly after the filing of this case management plan.

Plaintiff's position: Plaintiff opposes bifurcation and will oppose any motion seeking it. Plaintiff's position is that the issues Agility identifies are merits and Rule 23 issues that are not susceptible to resolution in advance of class discovery, that phasing would delay the case and multiply discovery disputes, and that discovery need not be conducted in phases or limited to particular issues.

**Surkes's position:** Surkes supports bifurcation and joins Agility's request that discovery initially be limited to Plaintiff's individual claims and threshold issues, including whether Surkes made or caused more than one telephone solicitation to Plaintiff within any twelve-month period and whether Plaintiff can establish a TCPA violation attributable to Surkes. Surkes's support for bifurcation does not constitute adoption of any other party's factual allegations or characterizations concerning the alleged calls or the relationship between the Defendants.

## **Electronically Stored Information.**

The principal ESI at issue consists of telephone and dialer records. The parties are preserving ESI within their possession, custody, or control and will meet and confer

8

4898-8411-2830

regarding the form of production. Plaintiff anticipates that some calling records may be in the possession of third parties or telephone carriers and may seek that material by subpoena.

**Privilege, Work Product, and Rule 502(d).**

The parties do not presently anticipate disputes concerning privilege or work product. The parties agree to an entry of an order under Federal Rule of Evidence 502(d).

**10. The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial.**

Plaintiff estimates that the case will be ready for trial in the second half of 2027, and no earlier than September 2027, assuming no bifurcation is completed. Plaintiff estimates that an individual trial would require three to four days and that a class trial would require five to seven days. Plaintiff has no suggestions for shortening trial at this time.

If a trial is necessary, Agility estimates this case will be ready for trial in the spring of 2028, following completion of dispositive motion briefing. Agility estimates an individual trial will only need two to three (2-3) days, and a class action trial would require five to seven (5-7) days.

Surkes joins Agility's estimate concerning trial readiness and anticipated trial length.

**11. Whether a jury trial has been requested and whether the request for a jury trial is contested.**

Plaintiff has demanded a jury trial. The request is not contested.

**12. The prospects for settlement.**

9

4898-8411-2830

Plaintiff's position: Plaintiff is willing to discuss resolution but requires discovery into the nature, scope, and extent of the calling conduct at issue, including classwide calling data, before he can meaningfully evaluate settlement. Plaintiff anticipates seeking to mediate after the class certification record has developed and after he has had an opportunity to review class data.

Agility's Position: Agility is willing to discuss settlement without any terms or conditions.

Surkes's Position: Surkes has extended a settlement proposal and remains willing to participate in good-faith discussions concerning an early resolution. His willingness to discuss settlement does not constitute an admission of liability.

The parties do not presently request a settlement conference before another District Judge or a Magistrate Judge, or other assistance from the Court in settlement efforts. The parties will promptly notify the Court if settlement is reached or if the assistance of the Court would be useful.

**13. Modification of pretrial procedures due to the simplicity or complexity of the case, and any other matters which counsel believes will aid the Court in resolving this dispute.**

**Bifurcation.** As set forth in Paragraph 9 above, Agility intends to move to bifurcate discovery, Surkes supports and intends to join that request, and Plaintiff will oppose that motion. The parties raise the issue here so that the Court is aware of the issue and that anticipated motion.

**Proposed Scheduling Order.** Because this Court does not publish a standard form of scheduling order, the parties have lodged a proposed Scheduling Order adapted from the form used by Judge Michael T. Liburdi of this District.  Because the parties have proposed separate sets of deadlines in Paragraph 8, the deadlines in the proposed Scheduling Order have been left blank.

4898-8411-2830

**Appearance at the Scheduling Conference.** Counsel for Plaintiff and counsel for Defendant Surkes are located outside Arizona and intend to file an unopposed motion for leave to appear at the August 5, 2026 Scheduling Conference telephonically or by videoconference. Counsel for Agility, Anthony King, will appear in person. Counsel for Agility, Ms. Carrasco, is out of town on August 5, 2026, and she may request leave from the Court to appear virtually.

The parties are aware of no other matters requiring the Court's attention at this time.

Dated:  July 24, 2026

/s/ Andrew Perrong

Andrew Perrong
Email: a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Glenside, PA 19038
Telephone: (215) 225-5529
*Subject to Pro Hac Vice*

SNELL & WILMER L.L.P.

By: *s/  draft*
Anthony T. King
Megan M. Carrasco
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556

*Attorneys for Defendant Agility Insurance Services, LLC*

/s/ Danielle V. Latte
**DANIELLE V. LATTE**

11

4898-8411-2830

*Pro Hac Vice*
Florida Bar No. 1048755
Lattelegalsolutions@outlook.com
LATTE LEGAL SOLUTIONS PLLC
8450 NW 102nd Ave Apt 336
Doral, FL 33178
786-303-5022
*Counsel for Defendant Justin Surkes*


### CERTIFICATE OF SERVICE

I hereby certify that on July , 2026, a copy of the foregoing was served via CM/ECF, which will electronically serve all counsel of record who have appeared.


*/s/ Andrew Perrong*

Andrew Perrong

12

4898-8411-2830