# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jonathan Ryan Bahr,

Plaintiff,

v.

Agility Insurance Services LLC, et al.,

Defendants.

NO. CV-26-01756-PHX-JAT

**RULE 16 SCHEDULING ORDER**

On August 5, 2026, a Scheduling Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a joint Rule 26(f) Proposed Case Management Plan. Pursuant to the terms of the Plan and the representations made by the parties at the Scheduling Conference, all parties were ordered to comply with the deadlines established in this Order.

**IT IS ORDERED** that all Initial Disclosures as defined in Federal Rule of Civil Procedure 26(a), which were due on July 31, 2026, have been made.

**IT IS FURTHER ORDERED** that any motion to amend the Complaint shall be filed no later than **August 28, 2026.** If no amended complaint is filed, any motion to amend the Answer shall be filed no later than **September 4, 2026.**

**IT IS FURTHER ORDERED** that the party with the burden of proof on an issue shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **January 29, 2027.** The responding party (not having the burden of proof on the issue)

shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **March 5, 2027.**[1] The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **April 9, 2027.** No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

**IT IS FURTHER ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by **May 28, 2027.** In no event, however, shall this provision alter the duties and obligations imposed on the parties by Federal Rule of Civil Procedure 26(e); a party must serve supplemental responses in a timely manner, **but in any event no later than 30 days after the information is discovered by or revealed to the party**. This Order contemplates that each party will conduct discovery in an expeditious manner so as to **complete, within the deadline, all discovery**. Further, in responding to Requests for Admissions, Requests for Production, or Interrogatories, the parties are cautioned that the Federal Rules of Civil Procedure do not permit "general" or "global" objections. Accordingly, the Court will not consider nor rule on objections that are not specific to the individual request propounded.

**IT IS FURTHER ORDERED** that the Court requires that all evidence to be offered at trial (other than impeachment evidence) be contained in the Joint Proposed Final Pretrial Order. Therefore, all exhibits and witnesses that may be offered at trial must be disclosed before the discovery deadline and sufficiently in advance of the deadline that meaningful discovery necessitated by such disclosures can reasonably be completed before the discovery deadline. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in Rule 26(a)(3)(B). This Order also controls the timing of supplements

---

[1] If no expert disclosure is made by a party who has the burden of proof on an issue by the initial expert disclosure deadline, all initial expert disclosures by the party who does not have the burden of proof on an issue shall be made no later than the responding party deadline. A party responding to this type of disclosure shall do so by the rebuttal disclosure deadline.

under Rule 26(e).  Therefore (1) failure to have timely supplemented the initial disclosures, including but not limited to witnesses and exhibits, (2) failure to have timely supplemented responses to any other valid discovery requests, or (3) attempting to include any witnesses or exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions (including attorneys' fees).

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall **not** be permitted to attend, either physically, electronically, or otherwise, the deposition of any other witness in this case without an Order of this Court to the contrary.

**IT IS FURTHER ORDERED** that discovery motions are prohibited except as provided herein.  In the event of a discovery dispute, the parties must file a joint discovery dispute motion (in the motion, the parties may request oral argument).  The motion shall not exceed 3 pages (no exhibits are permitted).  The motion cannot be broken into two parts (one for each party).  Instead, the motion must be an integrated document that explains the issue to the Court.  The motion must include a statement of consultation as required by Civil Local Rule 7.2(j).  The consultation must be oral. In other words, the parties (or their counsel) cannot confer regarding a discovery dispute solely by correspondence.  They must actually speak to each other.

Based on this joint motion the Court will either rule on the dispute, order supplemental briefing, and/or set a hearing if necessary.  The parties may not file this joint motion under seal; thus, they must craft the joint motion in a way does not disclose information that either party would seek to have sealed.

As stated in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances.  Therefore, the parties shall <u>complete</u> all discovery by the deadline in this Order (<u>complete</u> being defined as including the time to propound discovery, the time to

answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to obtain a ruling and, if necessary, undertake additional discovery and/or which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of the discovery motion as untimely, denial of an extension of time, exclusion of evidence, or the imposition of other sanctions.

The party seeking relief in the joint motion must also submit a proposed form of Order. The proposed form of Order may not be generic (for example, "the motion to compel is granted" is generic). Instead the proposed form of Order must detail exactly what is being ordered such that a third party with no familiarity with this case could read the Order and have a complete understanding of what was ordered by the Court. Failure to submit a compliant order may result in the denial of the request.

If attorney's fees are sought, the movant must specify under what Federal Rule (including the appropriate subpart), statute or case the movant is seeking fees. The request for fees must further specify whether fees are sought against counsel, the client or both (and if both in what percentages).

In the event a party (or counsel) refuses to participate in the oral consultation or the preparation of the joint motion, the party seeking relief may file the motion unilaterally after giving at least 72-hours-notice to the other side of the intention to seek unilateral relief. The unilateral motion must include an affidavit of when and how this notice was given. If a unilateral motion is filed, the responding party has one business day to respond, or the Court will deem the failure to respond to be consent to the motion and all relief requested therein being granted. *See* L.R. Civ. 7.2(i). Neither the unilateral motion nor the response may exceed three pages. Presumptively the Court will sanction whichever party refused to engage in the joint process.

**IT IS FURTHER ORDERED** that all dispositive motions and motions for class certification shall be filed no later than **June 30, 2027.**

- 4 -

**IT IS FURTHER ORDERED** suspending Civil Local Rule 56.1 except subsection (d), and the Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 only.  In other words, the parties may not file separate statements of facts or controverting statements of facts, and instead must include all facts in the motion, response or reply itself.  All evidence to support a motion or response, must be attached to the motion or response itself (consistent with Civil Local Rule 56.1(f), the evidence may include only relevant excerpts rather that full documents).  No evidence may be submitted with a reply.  Each citation to evidence to support a fact must include a pin citation to one (and only one) page that proves that fact.[2]  Because no controverting statement of facts will be permitted, the responding party, in the response, must carefully address all material facts raised in the motion; and the same for the reply.  Any fact that is ignored may be deemed uncontested.

---

[2] The Court is undertaking this summary judgment methodology because statements of facts have become so routinely misused.  By way of example, it is not uncommon for the Court to have a motion/response with one "fact," for example "Plaintiff was an excellent employee," with a citation to 10 paragraphs of the statements of facts which might cite hundreds of pages of exhibits.  In those 10 paragraphs of the statement of facts, one paragraph might say Plaintiff received a promotion, and the next that Plaintiff received a raise, and the next that Plaintiff received a good evaluation, and so on, leaving the Court to infer that if all those facts are taken together, the conclusion found in the motion/response (that Plaintiff was an excellent employee) is true.  In this Court's view, that is a misuse of the statement of facts.  There should never have been a fact in the statement of facts that was not in the motion/response.  In other words, the statement of facts was not intended to supplement the motion/response with substantially more evidence than the motion/response claimed was necessary to decide the case.  But the problem with how statements of facts are being used has been made evident by the reality that the statement of facts typically, significantly exceeds the motion/response in length, which should be impossible if every fact is also found in the motion/response.  This problem is further compounded when the statement of facts might cite Plaintiff's 200-page deposition for each of the 10 paragraphs without any pin cite to where Plaintiff specifically mentioned a promotion or raise.

For purposes of this Court deciding any summary judgment motion under Federal Rule of Civil Procedure 56, no party should presume the Court will sua sponte read all evidence attached to the motion or response to hunt for facts or theories that might support either party's case.  Instead, the Court will use the attached evidence solely to verify facts asserted in the motion, response or reply (again, a reply may cite only evidence attached to the motion or response and may not add new evidence) by pin cite.

Procedurally, immediately following the motion should be a numerical table of contents for the exhibits (the table of contents shall include only a title for each exhibit, not a description).  Following the table of contents should be each exhibit, numbered individually.  Immediately following the response to the motion should be an alphabetical table of contents (again the table of contents shall include only a title for each exhibit, not a description).  Following the table of contents should be each exhibit, labeled alphabetically.  By way of example, citations to exhibits attached to the motion would be: (Ex. 1, at 7); citations to exhibits attached to the response would be: (Ex. D, at 3).

**IT IS FURTHER ORDERED** that each party shall file **no more than one motion for summary judgment** unless leave of Court is obtained.  To obtain leave of Court, a party shall file a motion setting forth the reasons justifying the filing of more than one summary judgment motion and/or the reasons the party seeks leave to exceed the page limits set forth in Civil Local Rule 7.2(e).

**IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that failure to respond to a motion by serving and filing an answering memorandum within the time period expressly provided for in Civil Local Rule 7.2(c), 56.1(d) and/or 12.1(b) may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Civil Local Rule 7.2(i).

**IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument on a motion shall request argument by placing **"Oral Argument Requested"** immediately below the title of such motion.  The Court will then issue a minute entry order scheduling the oral argument if it deems one necessary.

**IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for extensions of time shall be made in accordance with the provisions of Civil Local Rule 7.3.  Notwithstanding this directive, however, if such motion, request, or stipulation seeks an extension of time in which to file a memorandum in response or in reply to a motion previously noticed for oral argument, under no circumstances shall such motion, request, or stipulation seek an extension that would preclude the Court from having at least **thirty (30) days** from the due date for the filing of the reply memorandum to consider the merits of the underlying motion unless the motion, request, or stipulation also seeks to vacate the oral argument.  Any motion, request, or stipulation that seeks both an extension of time and the vacating of oral argument shall contain a memorandum of points and authorities that demonstrates good cause for the Court to grant the requested extension.  The deadlines set forth in this Order are the deadlines by which a party must file documents with the Court, in addition to serving opposing counsel, notwithstanding Federal Rule of Civil

Procedure 5(d).

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motion deadline has passed, **<u>Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the dispositive motion deadline</u>**.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, **<u>Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within ten (10) days of the resolution of the last dispositive motion</u>**.[3]

**IT IS FURTHER ORDERED** that the Order Setting Final Pretrial Conference will: (1) set deadlines for the filing of and response to motions in limine; (2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and (3) include a form for the completion of the parties' **<u>joint</u>** Proposed Final Pretrial Order.

**IT IS FURTHER ORDERED** that because the deadlines set forth herein will trigger setting a trial date, the Court deems these deadlines to be the equivalent of a firm trial date.

**IT IS FURTHER ORDERED** that all motions for an award of attorneys' fees shall be accompanied by an electronic spreadsheet, to be e-mailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested so as to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its memorandum of points and authorities filed in support of its motion. A party opposing a

---

[3] Though the Court discourages the filing of motions for reconsideration, should a party choose to file a motion for reconsideration of an interlocutory order, such party shall file such motion under the standard set forth in *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) and within the time limits set by the Civil Local Rules.

motion for attorneys' fees shall e-mail to the Court and opposing counsel a copy of the moving party's spreadsheet adding any objections to each contested billing entry (next to each row, in an additional column) so as to enable the Court to efficiently review the objections and recompute the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and, should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that the Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 5th day of August, 2026.

James A. Teilborg
Senior United States District Judge

- 8 -